Opinion issued June 23, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-15-00149-CR**
**NO. 01-15-00150-CR**
**NO. 01-15-00151-CR**

———————————

**JAMES E. GUZMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case Nos. 1974171, 1974172, and 2001637**

---

**MEMORANDUM OPINION**

Pursuant to his agreements with the State, appellant, James E. Guzman, pleaded guilty to three separate misdemeanor offenses of assault,[1] two of which were enhanced by a prior conviction of the felony offense of assault on a family member. The trial court accepted the plea agreements, assessed appellant's punishment at confinement for 120 days for each offense, with the sentences to run concurrently, and certified that these are plea-bargained cases and appellant has no right of appeal. Appellant filed a *pro se* notice of appeal in each case. The State has filed a motion to dismiss each appeal for want of jurisdiction.

We grant the State's motions and dismiss the appeals.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art 44.02 (Vernon 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, in each cause, the trial court's certification is included in the record and states that the case is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record in each case supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App.

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon 2011).

2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Cooper v. State*, 45 S.W.3d 77, 77–82 (Tex. Crim. App. 2001) (holding voluntariness of guilty plea may not be contested on direct appeal following plea-bargain agreement).

Accordingly, we dismiss each appeal for want of jurisdiction and dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justice Jennings, Bland and Brown.
Do not publish.   TEX. R. APP. P. 47.2(b).